UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CYNTHIA W. BOWIE                                    CIVIL ACTION

VERSUS                                             NO:  13-5698

AMERICAN SECURITY                                  SECTION: "S" (5)
INSURANCE COMPANY AND
FIDELITY NATIONAL INDEMNITY
INSURANCE COMPANY

ORDER AND REASONS

IT IS HEREBY ORDERED that Fidelity National Indemnity Insurance Company's Motion

for Partial Dismissal (Doc. #21) regarding state law and extra-contractual tort claims for pre-

judgment and post-judgment interest, attorneys' fees, and penalties and plaintiff's Declaratory

Judgment Act claim is GRANTED, and those claims are DISMISSED WITH PREJUDICE.

BACKGROUND

This matter is before the court on a motion to dismiss filed by defendant Fidelity National

Indemnity Insurance Company.  Fidelity seeks dismissal of plaintiff's state law and extra-contractual

tort claims for pre-judgment and post-judgment interest, attorneys' fees, and penalties and plaintiff's

Declaratory Judgment Act claim, which would leave only plaintiff's breach of contract claim to

proceed.

Plaintiff, Cynthia Bowie, owns a home in LaPlace, Louisiana that was damaged during

Hurricane Isaac in August 2012.  At the time of the loss, the property was covered by a homeowner's

insurance policy issued by American Security Insurance Company, and a flood insurance policy

issued by Fidelity acting as a Write-Your-Own ("WYO") insurance provider participating in the

Federal Emergency Management Agency's ("FEMA") National Flood Insurance Program ("NFIP").

Bowie filed this action on August 29, 2013, alleging that American Security and Fidelity breached the respective insurance contracts by failing to pay the full amount due to her for the loss. Bowie alleged a breach of contract and a declaratory judgment claim against Fidelity.  The breach of contract claim alleges that "Fidelity is liable to Plaintiff for breach of contract and damages, . . ., including, but not limited to, the amount of Plaintiff's loss and damages covered under the Flood Policy above any applicable deductible, together with attorneys' fees, costs, penalties, and disbursements under applicable law . . ." Similarly, the declaratory relief claim states that "Fidelity has refused to pay Plaintiff for the full amount of flood-related losses," and she "seeks a declaration that Fidelity is obligated to pay her claim loss and damages up to the full extent of damage, less any applicable deductible amount."

Fidelity argues that Bowie's state law and extra-contractual tort claims for pre-judgment and post-judgment interest, attorneys' fees, and penalties and her Declaratory Judgment Act claim must be dismissed, leaving only her breach of contract claim against Fidelity.

## ANALYSIS

A.      **Rule 12(c) of the Federal Rules of Civil Procedure**

A party may move for judgment on the pleadings after an answer has been filed.  FED. R. CIV. P. 12(c).  "The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." Chauvin v. State Farm & Cas. Co., 495 F.3d 232, 237 (5th Cir. 2007).  "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atlantic v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973

n.14 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965. The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008). A district court may consider only the contents of the pleading and the attachments thereto. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6))

**B.     Bowie's state law and extra-contractual tort claims for pre-judgment and post-judgment interest, attorneys' fees, and penalties**

Bowie states in her memorandum in opposition to the motion that she does not raise state law and extra-contractual tort claims for pre-judgment and post-judgment interest, attorneys' fees, and penalties claims against Fidelity (Doc. #24), but such claims are clearly stated in her complaint. The National Flood Insurance Act preempts state law claims for penalties and attorneys' fees brought against WYO insurance carriers participating in the FEMA's NFIP. Wright v. Allstate Ins. Co., 415 F.3d 384, 390 (5th Cir. 2005); Gallup v. Omaha Prop. and Cas. Ins. Co., 434 F.3d 341, 345 (5th Cir. 2005). Further, a plaintiff cannot recover pre-judgment or post-judgment interest against a WYO. Newton v. Capital Assur. Co., Inc., 245 F.3d 1306, 1312 (11th Cir. 2001); Sandia Oil Co., Inc. v. Beckton, 889 F.2d 258, 264 (10th Cir. 1989). Therefore, Fidelity's motion is GRANTED, as to Bowie's state law and extra-contractual tort claims for pre-judgment and post-judgment interest, attorneys' fees, and penalties against Fidelity, and those claims are DISMISSED WITH PREJUDICE.

**C.      Bowie's Declaratory Judgment Act Claim**

Bowie brought a claim under the Declaratory Judgment Act against Fidelity seeking a declaration that Fidelity breached the contract and "is obligated to pay her claim loss and damages up to the full extent of damage, less any applicable deductible amount." This is the exact same relief requested in her breach of contract claim against Fidelity.

Two other sections of this court have found that a plaintiff may not bring a breach of contract claim and an identical Declaratory Judgment Act claim against a WYO insurance carrier. See Phillips v. Fed. Emergency Mgmt. Agency, 2014 WL 273144 (E.D. La. 1/24/2014) (Barbier, J.); Gloston v. Dep't of Homeland Sec., 2014 WL 1660630 (E.D. La. April 25, 2014) (Feldman, J.). Both of those courts relied on Scritchfield v. Mut. of Omaha Ins. Co., 341 F.Supp.2d 675, 682 (E.D. Tex. 2004), in which the court, dealing with a nearly identical issue, stated that:

> Defendants acknowledge the policy and the breach of contract claim under 42 U.S.C. § 4072, but obviously dispute its merits. Even through there is a dispute about the rights and obligations of the parties under the contract, that does not automatically ripen into an affirmative remedy under the Declaratory Judgment Act, especially if other adequate remedies already exist. 10B CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FED. PRAC. & PROC. §§ (3d ed. 1998). Plaintiffs would get nothing from a declaratory judgment that they would not get from prevailing on their breach of contract claims. There is no claim that there is a need to interpret the contract language because of possible future events.

In this case, Bowie does not seek any relief under the Declaratory Judgment Act that she cannot pursue and potentially recover under her breach of contract claim. Therefore, Fidelity's motion to dismiss Bowie's Declaratory Judgment Act claim is GRANTED, and that claim is DISMISSED WITH PREJUDICE.

## CONCLUSION

**IT IS HEREBY ORDERED** that Fidelity National Indemnity Insurance Company's Motion for Partial Dismissal (Doc. #21) regarding state law and extra-contractual tort claims for pre-judgment and post-judgment interest, attorneys' fees, and penalties and plaintiff's Declaratory Judgment Act claim is **GRANTED**, and those claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this __1st__ day of July, 2014.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**